IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50849
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

        v.

OLIVIA CANALES-PEREZ, also known as Olivia Canalez-Perez

                    Defendant - Appellant

                 --------------------
        Appeal from the United States District Court
             for the Western District of Texas
                 USDC No. DR-98-CR-589-1
                 --------------------
                   January 5, 2001

Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

        Olivia Canales-Perez appeals her conviction for importation
of marijuana and possession with intent to distribute marijuana.
She argues that the evidence was not sufficient to support her
convictions.  A review of the record indicates that a rational
trier of fact could have found that the evidence established
beyond a reasonable doubt that Canales-Perez knew that the
marijuana was hidden in the compartment within the gas tank of
her vehicle, that she knowingly brought the marijuana into the
United States, and that she possessed the marijuana with the

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

intent to distribute it.  See United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999), cert. denied, 121 S. Ct. 125 (2000); United States v. Cano-Guel, 167 F.3d 900, 904 (5th Cir. 1999).

Canales-Perez argues that the district court encouraged her to cooperate with the Government and then improperly used the information she provided as a basis for an upward adjustment of her sentence.  Before Canales-Perez provided any information to the Government, the district court advised her that her offense level would be increased due to her use of a minor in the offense and to obstruction of justice based on her perjured testimony, and that she was not entitled to acceptance of responsibility.  The district court advised her that she might be able to reduce her sentence if she provided substantial assistance to the Government and the Government determined that a § 5K1.1 motion should be filed.  Canales-Perez has not shown that the district court improperly increased her offense level based on the additional information she provided to the Government after her conviction.

Canales-Perez argues that the district court erroneously believed that a reduction for acceptance of responsibility was available only if a defendant accepts responsibility prior to trial.  In "rare situations," a defendant who exercises his right to trial may qualify for the adjustment, such as "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt."  U.S. Sentencing Guidelines, § 3E1.1, comment. (n.2).  Canales-Perez is not entitled to rely upon this exception because a challenge to the introduction of evidence

establishing guilt is indistinguishable from a challenge to factual guilt.  See United States v. Maldonado, 42 F.3d 906, 913 (5th Cir. 1995).  Canales-Perez has not shown that the district court erred in denying a reduction in her offense level for acceptance of responsibility.

AFFIRMED.